**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

FRANK J. KENNY, III,

                Plaintiff,

      v.

ERIC SCHRADING *et al.*,

                Defendants.

Civil Action No. 20-15786 (MAS) (DEA)

**MEMORANDUM OPINION**

---

**SHIPP, District Judge**

    This matter comes before the Court on Defendants U.S. Fish & Wildlife Service and Eric Schrading's ("Defendants") Motion to Dismiss pro se Plaintiff Frank J. Kenny's ("Plaintiff") Complaint. (ECF No. 4.) Plaintiff responded by filing a Motion to Stay (ECF No. 5), and Defendants opposed (ECF No. 6). The Court has carefully considered the parties' submissions and decides the motion without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Defendants' Motion to Dismiss.

**I.    BACKGROUND**

    The Court provides a brief background. In 2018, Plaintiff sued several defendants, broadly alleging that these defendants denied him access to public records under the Freedom of Information Act ("FOIA") and violated his due process rights. *See generally* Compl., *Kenny v. Porrino* ("*Kenny I*"), No. 18-2729 (D.N.J.), ECF No. 1.[1] After Plaintiff thrice amended his

---

[1] Plaintiff subsequently added Defendants here in an October 2018 amended complaint. *See* Am. Compl., *Kenny I*, No. 18-2729, ECF No. 14.

Complaint, the Court dismissed with prejudice Plaintiff's handwritten Third Amended Complaint in April 2021. *See Kenny I*, No. 18-2729, 2021 WL 1699927, at *6 (D.N.J. Apr. 29, 2021), ECF Nos. 70, 71. As relevant here, the Court concluded that the Plaintiff's Third Amended Complaint lacked clarity as to whether its allegations "pertain[ed] to [Defendants] as opposed to the now dismissed state officials and entities." *Id.* at *5. Indeed, the Court noted that, "[t]o the extent Plaintiff alleges constitutional violations against Federal Defendants, these assertions are confused and . . . failed to provide a short plain statement showing that he is entitled to relief." *Id.* at *6. Further, the Court reasoned that any cause of action under FOIA could not apply to Defendant Schrading. *Id.* ("A 'plaintiff may not assert a FOIA claim against individual federal officials.'" (quoting *Venkataram v. Off. of Info. Policy*, No. 09-6520, 2011 WL 2038735, at *2 (D.N.J. May 25, 2011)).[2]

In tandem with, but before the Court dismissed, *Kenny I*, Plaintiff sued Defendants in state court in August 2020. (*See generally* Compl., ECF No. 1-1.) Like *Kenny I*, Plaintiff's state court case—*Kenny II*—raises claims regarding Plaintiff's FOIA requests and putative due process violations. (*See id.* at *10-15.)[3] Also like *Kenny I*, Plaintiff's handwritten Complaint is difficult to decipher and does not provide a short plain statement showing some entitlement to relief against Defendants. (*See id.*) In any event, Defendants removed *Kenny II* (ECF No. 1), and then filed the instant Motion (ECF No. 4). That Motion asserts that the Court should dismiss *Kenny II* because *Kenny I* precludes Plaintiff from raising the same claims against Defendants. (*See* Defs.' Moving Br. 3-5, ECF No. 4-1 (noting, among other similarities, that "Kenny does nothing to distinguish

---

[2] Plaintiff appealed the Court's ruling to the Third Circuit. *See* Notice of Appeal, *Kenny I*, No. 18-2729, ECF No. 72.

[3] Page numbers preceded by asterisks indicate pagination in the CM/ECF header.

2

*Kenny II* from *Kenny I*, and indeed opts to attach various records from the *Kenny I* litigation to his *Kenny II* complaint").)

## II. LEGAL STANDARD

"Claim preclusion, often called res judicata, . . . prohibits reexamination not only of matters actually decided in the prior case, but also those that the parties might have, but did not, assert in that action." *Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir. 1993). Under that doctrine, Defendants must show "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Duhaney v. Att'y Gen. of the U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) (citing *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)). Notably, regarding the third element, courts take a "'broad view' of what constitutes the same cause of action." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) (quoting *Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir. 1999)). To be sure, in assessing what constitutes the same cause of action, courts consider

> (1) whether the acts complained of and the demand for relief are the same . . . ; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same . . . and (4) whether the material facts alleged are the same.

*Id.* (quoting *United States v. Althone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984)).

## III. DISCUSSION

The Court thus determines whether Defendants have met the three elements for claim preclusion. The Court concludes that Defendants have. *First*, the Court reached a final judgment on the merits in *Kenny I*, where it dismissed with prejudice FOIA and due process claims against Defendants. *See* 2021 WL 1699927, at *5-6; *Petrossian v. Cole*, 613 F. App'x 109, 111-12 (3d Cir. 2015) ("A dismissal with prejudice constitutes an adjudication on the merits 'as fully and completely as if the order had been entered after trial.'" (quoting *Gambocz v. Yelencsics*, 468 F.2d

837, 840 (3d Cir. 1972))).[4] *Second*, both *Kenny I* and *Kenny II* involved Plaintiff and Defendants. *See Kenny I*, 2021 WL 1699927, at *1-2; (Compl. at *2.) *Finally*, although the claims are difficult to decipher, both cases allege substantially the same facts and claims. (*Compare* Third Am. Compl. at *3-6, *Kenny I*, No. 18-2729 (alleging problems with housing following Hurricane Sandy and FOIA violations), *with* Compl. at *10-13 (same).)

## IV.  CONCLUSION

The Court holds that Plaintiff already litigated or could have litigated the causes of action in the present litigation. The Court thus dismisses Plaintiff's Complaint as res judicata. An appropriate order will accompany this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[4] Although *Kenny I* is on appeal to the Third Circuit, "the pendency of an appeal does not affect the potential for res judicata flowing from an otherwise-valid judgment." *Ross v. Meyer*, 741 F. App'x 56, 60 (3d Cir. 2018) (quoting *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 175 (3d Cir. 2009)).